UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANDREW RAFFELSON,**

     **Plaintiff,**

**CASE NO.:**

**v.**

**AVANTEUSA, LTD.,**

**JURY TRIAL DEMANDED**

     **Defendant.**

_____/

## CLASS ACTION COMPLAINT

Plaintiff, Andrew Raffelson ("Plaintiff"), by and through undersigned counsel, hereby files this Class Action Complaint against AvanteUSA, LTD., ("Defendant") and states as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this class action for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

2.    The statute of limitations offers a complete defense to a lawsuit to collect an unpaid debt. A creditor that opts not to sue on a debt within the applicable statute of limitations period loses its right to take legal action to collect the debt. Under Florida law, a judgment is valid for twenty years from the date of entry. Subject to certain exemptions, the judgment creditor has the right to execute on the judgment via levy on the debtor's real and personal property and to obtain a writ of garnishment on a debtor's bank accounts and wages.

3.    Here, Defendant sends collection letters to consumers and fails to disclose that the debt was barred by the statute of limitations. The collection letters made offers to "settle" and "resolve" the debt and providing deadlines and creating an artificial sense of urgency to make a

1

payment on the time-barred debt.  By doing so, Defendant has attempted to mislead and deceive Plaintiff as to the legal status of the debt and attempted to enforce an illegitimate debt and asserted the existence of rights that do not exist.

6.      Specifically, and notwithstanding that the debt is time-barred, Defendant solicits Plaintiff to enter into a payment arrangement and/or the submission of a payment on a time-barred consumer debt by check (thus, in writing).  Such a payment poses a sufficient risk of reviving the time-barred debt for further legal action by a debt collector.

**JURISDICTION AND VENUE**

7.      Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under 15 U.S.C. §1692 *et seq.,* the Federal Debt Collection Practices Act ("FDCPA").  Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Southern District of Florida.

**PARTIES**

9.      Plaintiff, Andrew Raffelson, is a natural person who resides in Orange County, Florida, where the causes of action arose, and is a "consumer" as the term is define by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

10.      Defendant, AvanteUSA, LTD., is a foreign limited partnership, is headquartered in Texas, does business in the State of Florida, and is a "debt collector," as defined by 15 U.S.C. § 1692a (6) and Fla. Stat. § 559.55(7).

11.     Defendant, in the conduct of its business as a debt collector, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication, to communicate with Plaintiff.

12.     The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that Defendant was likely to conduct itself, and allowed them to so act, with the conscious disregard of the rights and safety of others. The agent(s) and employee(s) of Defendant acted within the course and scope of employment and acted with the consent, permission and authorization of Defendant.

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on his own behalf and on behalf of all other similarly-situated consumers.  The FDCPA Class is defined as:

> All consumers in the United States who were sent letters and/or notices from Defendant substantially similar or materially identical to the collection letters sent to Plaintiff, relating to a consumer debt that was beyond the statute of limitations, on or after the date two years prior to the filing of this action.

14.     Plaintiff also represents and is a member of a subclass (the "FCCPA Subclass"), which is defined as follows:

> All consumers in the State of Florida who were sent letters and/or notices from Defendant substantially similar or materially identical to the collection letters sent to Plaintiff, relating to a consumer debt that Defendant acquired after it was in default and that was beyond the statute of limitations, on or after the date one year prior to the filing of this action.

*Numerosity*

15.     The Class is so numerous that joinder of all members is impracticable. Plaintiff estimates the FDCPA Class may have approximately 50,000 members and the FCCPA Subclass may have approximately 10,000 members.

*Commonality*

16.     There are questions of law and fact that are common to the Class and which predominate over questions affecting any individual Class member. All Class members received collection letters from Defendant and were subject to the same policies and procedures. The common questions of law and fact include, without limitation, (1) whether Defendant violated the FDCPA, 15 U.S.C. § 1692 *et seq.* by using false, deceptive, or misleading representations in order to collect a debt; and (2)   whether Defendant violated the FCCPA, Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of another legal right when it knows that the right does not exist.

*Typicality*

17.     Plaintiff's claims are typical of the claims of the Class, which are based on the same operative facts and share the same legal theories.  Plaintiff has no interest adverse or antagonistic to the interests of other Class members.

*Adequacy of Class Representation*

18.     Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in prosecuting class action litigation.

***Predominance of Common Questions***

19.     The common questions described in Paragraphs 16 predominate over any individual issues.

***Superiority of Class Resolution***

20.     A class action is superior to other methods to fairly and efficiently adjudicate this Complaint's claims.  Plaintiff does not anticipate any unusual difficulties in managing the class action because the claims are based on Defendant's standard conduct patterns.

21.     A class action will permit many similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would create.

22.     Class treatment will allow the Court to adjudicate relatively small claims by many Class members who could not otherwise afford to seek legal remedies for Defendant's conduct.

23.     Without a class action, Defendant will continue to violate the Class members' rights and the Class members will continue to suffer the loss of their legal rights, as well as monetary damages.

24.     Defendant's actions apply generally to the entire Class and, accordingly, Plaintiff seeks relief that is appropriate for the entire Class.

## **FACTUAL ALLEGATIONS**

25.     Defendant is a "debt collector" as defined under the FDCPA, 15 U.S.C.  1692a(6). Defendant's letters attempt to collect on a medical debt that was already in default at the time it was sold.  Defendant describes itself on its website as "the best provider of medical billing and collection services." Further, Defendant holds itself out as a company that "works with some of the industries' most recognized names in debt buying. Moreover, in its collection letters at issue in

this matter (**Exhibit A** and **Exhibit B**), Defendant states that the "communication is from a debt collector" and that "[t]his is an attempt to collect a debt and any information obtained will be used for this purpose."

26.    Plaintiff allegedly incurred and owed a consumer "debt" to Florida Emergency Physicians Kang & Associates as defined under 15 U.S.C. § 1692a(5) and Fla. Stat. §559.55(6). Plaintiff's debt to Florida Emergency Physicians Kang & Associates was a debt incurred for personal, family and/or household use. Specifically, the debt relates to medical treatment.

27.    The debt was incurred on or about January 1, 2013, and Plaintiff did not make any payments on the debt. Plaintiff's debt was delinquent or in default when Defendant obtained the right to collect the debt.

A.    **Defendant's Conduct Applicable to the FDCPA Class & FCCPA Subclass**

28.    On or about October 8, 2018, Defendant sent Plaintiff a collection letter attempting to collect a time-barred debt from Plaintiff that stated in relevant part Plaintiff's name, address, the creditor for which Defendant was attempting to collect the debt, account number and amount/balance due. The collection letter is a computer-generated form letter and, per information and belief, is routinely sent to many consumers. A copy of the October 8, 2018 collection letter is attached hereto as **Exhibit A.**

29.    Defendant instructed Plaintiff in the collection letter to contact Defendant to "settle your debt for a fraction of what you owe." Ex. A. The collection letter also states that Plaintiff had the "opportunity" to "resolve the account" for a one-time payment of $213.00. Ex. A.

30.    The collection letter also states in pertinent part that **"This communication is an attempt to collect a debt, any information received will be used for that purpose."** Ex. A (emphasis in original).

31.     On or about April 8, 2019, Defendant sent Plaintiff a collection letter as a follow up to its previous collection letter.   Moreover, Defendant again in its collection letter urged to contact Defendant to "settle your debt for a fraction of what you owe." A copy of the collection letter is attached hereto as **Exhibit B**.   The April 8, 2019 letter states that the creditor "has authorized a very generous settlement with the opportunity to resolve the account."

32.     The April 8, 2019 letter from Defendant advised Plaintiff to "make a one-time payment in the amount of $177.50 to settle your account."   The letter also places a response deadline, stating that "This amount must be received in this office by Friday, April 26, 2019." *Id.*

33.     That collection letter (**Exhibit B**) again stated in relevant part Plaintiff's name, address, creditor for which Defendant was attempting to collect the debt, account number and amount/balance due.

34.     At the time Defendant sent the collection letters, Defendant did not have the right to file a lawsuit to collect the debt because the applicable statute of limitations period on the debt had expired.

35.     Plaintiff's debt was "time-barred" and Plaintiff was entitled to assert the statute of limitations as a complete defense to any legal action to enforce the debt.

36.     In spite of this, Defendant still sent the collection letters to attempt to collect on Plaintiff's time-barred debt without disclosing that it cannot enforce the debt.  Defendant's conduct is designed to mislead and deceive.   While it is not necessarily unlawful for a debt collector to seek payment of a time-barred debt, a collection letter violates the law when its statements could mislead an unsophisticated consumer to believe that a time-barred debt is legally enforceable, regardless of whether litigation is threatened.   The language of the collection letters described above contain offers to "settle" and "resolve" a time-barred debt, combined with a deadline to

7

accept the reduced-payment offer and a warning that the offer might not be renewed if payment is not timely made. These letters were designed to deceive or mislead Plaintiff as to the legal status of the debt, even in the absence of an express threat of litigation.

37.     Further, Defendant did not disclose that entering into a payment arrangement or making even a partial payment by check could revive Defendant's right to file a lawsuit by resetting the statute of limitations.

38.     Pursuant to the Federal Trade Commission, debt collectors should disclose to the consumer that they cannot be sued on the debt and that making even a partial payment will resurrect the creditor or debt collector's ability to pursue legal action and collect on the remaining balance of the debt. FTC, Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration (July 2010)[1].

39.     Thus, Defendant's letter violates the FDCPA and FCCPA because it is misleading, unfair, and deceptive to the least sophisticated consumer.

**B.     Defendant's Conduct Applicable Only to Raffelson**

40.     On or about October 22, 2018, Plaintiff sent Defendant a letter confirming that he was in receipt of the Defendant's collection letter (**Exhibit A**) and refusing to pay the alleged debt. Further, Plaintiff told Defendant to "[n]ever call, write or communicate with me in any manner ever again regarding this account, unless it is in my favor that I am not obligated in anyway to pay any amounts." Moreover, Plaintiff also told Defendant that "[a]ll communication regarding this account are considered harassment." A copy of Plaintiff's letter to Defendant is attached hereto as **Exhibit C**.

---

[1] *Available at* https://www.ftc.gov/sites/default/files/documents/reports/federal-trade-commission-bureau-consumer-protection-staff-report-repairing-broken-system-protecting/debtcollectionreport.pdf.

41.     Despite Plaintiff's cease and desist letter to Defendant, and Plaintiff making it abundantly clear to Defendant that he would never pay the debt, Defendant continued communicating with Plaintiff.   Specifically, Defendant sent the April 8, 2019 collection, attached hereto as **Exhibit B**.  That communication continued after all attempts at negotiation had clearly failed and the continued communication served only to harass Plaintiff into paying a debt that Defendant could not legally enforce.  Moreover, that collection letter did not advise the consumer that the debt collector's further efforts are being terminated, notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; orwhere applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.  Instead, the April 8, 2019 letter was merely yet another attempt to collect a debt Plaintiff had clearly stated he would not pay.

42.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

**COUNT I**

**(as to the FDCPA Class)**

**VIOLATION OF THE FDCPA BY DEFENDANT**

43.     This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq*.

44.     Plaintiff re-alleges and reincorporates paragraphs 1 through 42, as if fully set forth herein.

45.     Defendant uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6). Defendant describes itself on

its website as "the best provider of medical billing and collection services." Further, Defendant

holds itself out as a company that "works with some of the industries' most recognized names in

debt buying. Moreover, in its collection letters (**Exhibit A** and **Exhibit B**), Defendant states that

the "communication is from a debt collector" and that "[t]his is an attempt to collect a debt and

any information obtained will be used for this purpose."

46.    Defendant, communicated, directly and/or indirectly, certain information to

Plaintiff as set forth above, which constitutes "communication," as defined by

15 U.S.C. § 1692a(2).

47.    Through the conduct described above, Defendant violated the following provisions

of the FDCPA:

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means
in connection with the collection of any debt. Without limiting the general application of
the foregoing, the following conduct is a violation of this section:

(2) The false representation of--

(A) the character, amount, or legal status of any debt; or

(5) The threat to take any action that cannot legally be taken or that is not intended to be
taken.

48.    Specifically, Defendant violated 15 U.S.C. § 1692e by, among other things, failing

to disclose that the debt was time-barred and by using language that would mislead and deceive a

consumer as to the legal status and impliedly or expressly threatening legal action, as described

above.

49.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) any

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C.

§ 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.  Further, the FDCPA Class is entitled to such amounts as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant.

50.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

51.     Plaintiff has retained the undersigned attorneys to pursue this claim against Defendant on behalf of the Class members and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant violated § 1692e of the FDCPA; awarding Plaintiff any actual damages, statutory damages, attorneys' fees and costs, class damages, and awarding Plaintiff all such further relief that this Court deems necessary or appropriate.

## COUNT II

### (as to the FCCPA Subclass)

### VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

52.     This is an action against Defendant for violation of Fla. Stat. § 559.72(9).

53.     Plaintiff realleges and incorporates paragraphs 1 through 42, as if fully set forth herein.

54.     Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

55.     Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

56.     Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA, by failing to disclose that the debt was time-barred and by using language that would mislead and deceive a consumer as to the legal status and impliedly or expressly threatening legal action.

57.     As a direct and proximate result of Defendant's violations of Fla. Stat. §559.72(9), Plaintiff and Class members have been harmed.

58.     Pursuant to Fla. Stat. § 559.77(2), because of Defendant's violation of § 559.72(9), Defendant is liable to Plaintiff for any actual damages, statutory damages, punitive damages, and reasonable attorney's fees and costs.  As to the FCCPA Subclass, the Court may award additional statutory damages up to the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members.

59.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

60.     Each communication made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages.

61.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

62.     Plaintiff has retained the undersigned attorneys to pursue this claim against Defendant on behalf of the Class members and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Court enter a judgment in Plaintiff's favor, finding that Defendant violated §559.72(9) of the FCCPA, awarding Plaintiff any actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff all such further relief that this Court deems necessary or appropriate.

## COUNT III

### (as to Plaintiff Only)

### VIOLATION OF THE FDCPA BY DEFENDANT

63.     This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq*.

64.     Plaintiff re-alleges and reincorporates paragraphs 1 through 42, as if fully set forth herein.

65.     Defendant, communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

66.     Through the conduct described above, Defendant violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692c

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

67.     As set forth above, Plaintiff instructed Defendant that he refused to pay the debt and instructed Defendant to cease communication.  Nonetheless, on April 8, 2019, Defendant sent Plaintiff a written communication.  Ex. B.  That communication did not: (1)  advise the consumer that the debt collector's further efforts were being terminated; (2)  notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3)  notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

68.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

69.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

70.     Plaintiff has retained the undersigned attorneys to pursue this claim against Defendant on behalf of the Class members and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant violated § 1692e of the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, class damages, and awarding Plaintiff all such further relief that this Court deems necessary or appropriate.

## COUNT III

### (as to Plaintiff only)

### VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT

71.     This is an action against Defendant for violation of Fla. Stat. § 559.72(7).

72.     Plaintiff realleges and incorporates paragraphs 1 through 42, as if fully set forth herein.

73.     Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

74.     Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)     ...willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

75.     Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA by continuing to communicate with Plaintiff after Plaintiff had made clear to Defendant that he did not wish to be contacted in any way and that all efforts at negotiation had failed.  The only purpose of Defendant's continued communication was to harass Plaintiff into paying as legally unenforceable debt.

76.      All conditions precedent to this action have occurred, have been satisfied, or have been waived.

77.      Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for any actual damages, statutory damages, and reasonable attorney's fees and costs.

78.      Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff any actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: August 7, 2019                           Respectfully Submitted,

**KYNES, MARKMAN & FELMAN, P.A.**     **CENTRONE & SHRADER, PLLC**
100 S. Ashley Dr., Ste. 1400                      612 W. Bay Street
Tampa, FL. 33602                                       Tampa, Florida 33606
Phone: (813) 229-1118                              Phone:  (813) 360-1529
Fax:  (813) 221-6750                                  Fax:     (813) 336-0832

/s/ Katherine Earle Yanes                          /s/ Gus M. Centrone
**KATHERINE EARLE YANES, ESQ.**        **BRIAN L. SHRADER, ESQ.**
Florida Bar No. 159727                              Florida Bar No. 57251
e-mail: kyanes@kmf-law.com                   e-mail: bshrader@centroneshrader.com
                                                                   **GUS M. CENTRONE, ESQ.**
                                                                   Florida Bar No. 30151
                                                                   e-mail: gcentrone@centroneshrader.com
                                                                   Attorneys for Plaintiff

# EXHIBIT A

AVANTE USA
3600 S GESSNER RD SUITE 225
HOUSTON TEXAS 77063-5184

AVANTE USA

3600 S Gessner Rd. Ste. 225
Houston, Texas 77063
**Tel:** (832) 476-1740
**Fax:** (281) 779-4801
Monday - Thursday 8:00 AM to 7:30 PM
Friday 8:00 AM to 5:00 PM Central Time

ADDRESS SERVICE REQUESTED

October 8, 2018

Personal and Confidential
ANDREW RAFFELSON
8069 NEVIS PL
WELLINGTON FL 33414-3449

PLEASE SEND CORRESPONDENCE TO

AVANTE USA
3600 S GESSNER RD. STE. 225
HOUSTON TEXAS 77063

Current Creditor: CF Medical, LLC
AvanteUSA Account Number: 26082671
Total Amount Due: $710.00
Discounted offer: $213.00

CF Medical, LLC has purchased the account(s) referenced in this letter.

Contact us today to speak with one of our representatives to settle your debt for a fraction of what you owe. We are offering you the following opportunity to resolve the account(s) listed below.

One-time payment of $213.00.

For your convenience and free of charge, we can accept a check by phone or credit card. All you have to do is call (832) 476-1740 to speak with an account representative.

Unless you notify this office, within 30 days after receiving this notice, that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing, within 30 days after receipt of this notice, that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and will mail you a copy of such verification or judgment. Upon your written request, within 30 days after receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt, any information received will be used for that purpose.

Sincerely,

Mr. Jeremy Moore
Accounts Resolution Manager

To credit the proper account, please return this letter with your remittance.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for this purpose.**

| ACCT # | Current Balance | Original Creditor | Settlement Amount | Service Date |
|---|---|---|---|---|
| 82448919 | $710.00 | Florida Emergency Physicians Kang & Associates | $213.00 | 01/13/2013 |
| | | | | Total: $710.00 |

AUSMCO41-1005-1095974266-01637-1637

# EXHIBIT B

AVANTE USA
3600 S GESSNER RD SUITE 225
HOUSTON TEXAS 77063-5184

AVANTE USA

3600 S Gessner Rd. Ste. 225
Houston, Texas 77063
**Tel:** (832) 476-1740
**Fax:** (281) 779-4801
Monday -Thursday 8:00 AM to 7:30 PM
Friday 8:00 AM to 5:00 PM Central Time

April 8, 2019

ADDRESS SERVICE REQUESTED

Personal and Confidential
ANDREW RAFFELSON
8069 NEVIS PL
WELLINGTON FL 33414-3449

PLEASE SEND CORRESPONDENCE TO

AVANTE USA
3600 S GESSNER RD. STE. 225
HOUSTON TEXAS  77063

---

Current Creditor: CF Medical, LLC
AvanteUSA Account Number: 26082671
Total Amount Due: $710.00
Discounted offer: $177.50

We previously sent you a letter regarding the account(s) referenced in this letter.

Contact us today to speak with one of our representatives to settle your debt for a fraction of what you owe. During this tax season, our client has authorized a very generous settlement with the opportunity to resolve the account(s) listed below. If you need additional information, please feel free to call and speak with one of our staff.

You can now make a one-time payment in the amount of S177.50 to settle your account. This amount must be received in this office by Friday, April 26, 2019.

For your convenience and free of charge, we can accept a check-by-phone or credit card. Please call (832) 476-1740 to speak with an account representative.

Sincerely,

Mr. Jeremy Moore
Accounts Resolution Manager

To credit the proper account, please return this letter with your remittance.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for this purpose.**

| ACCT # | Current Balance | Original Creditor | Settlement Amount | Service Date |
|--------|-----------------|-------------------|-------------------|--------------|
| 82448919 | $710.00 | Florida Emergency Physicians Kang & Associates | $177.50 | 01/13/2013 |
| | | | Total: | $710.00 |

AUSMCO42-0404-1178C78767-00545-545

# EXHIBIT C

10/22/18


Avante USA
3600 S. Gessner Rd.
Houston, TX 77063

Re: Andrew Raffelson
Acct: Number 26082671


I AM IN RECEIPT OF YOUR LETTER DATED OCTOBER 8,2018. I REFUSE TO PAY THIS
DEBT.

NEVER CALL, WRITE OR COMMUNICATE WITH ME IN ANY MANNER EVER AGAIN
REGARDING THIS ACCOUNT, UNLESS IT IS IN MY FAVOR THAT I AM NOT
OBLIGATED IN ANYWAY TO PAY ANY AMOUNTS.

ALL COMMUNICATIONS REGARDING THIS ACCOUNT ARE CONSIDERED
HARRASSMENT.

Andrew Raffelson

**HP OfficeJet Pro 8710 Series**

Fax Log for
NANCY GREGORY
5619672727
Oct 22 2018 9:46PM

**Last Transaction**

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|------------|----------|-------|--------|
| | | | | Digital Fax | | |
| Oct 22, | 9:45PM | Fax Sent | 12817794801 (Avank) | 0:33 N/A | 1 | OK |